**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SAMMY DAVIS DEWITT MORGAN, <br><br> Defendant-Appellant. | No.   21-10114 <br><br> D.C. No. <br> 2:18-cr-00019-JAM-KJN-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Sammy Davis Dewitt Morgan appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morgan contends that the district court did not consider his argument that his

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

health conditions, role as caregiver to his mother, and post-sentencing rehabilitation constituted extraordinary and compelling reasons for compassionate release, and wrongly treated U.S.S.G. § 1B1.13 as binding in violation of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The record reflects, however, that the district court sufficiently considered Morgan's arguments. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018) (affirming use of a form order by the original sentencing judge to deny a sentence reduction motion and noting that the judge certified on the form that he had reviewed the motion). Moreover, the court did not cite § 1B1.13 or otherwise indicate that it relied on it to deny Morgan's motion. Instead, the court concluded that relief was not warranted in light of the substantial time remaining on Morgan's sentence and the 18 U.S.C. § 3553(a) factors. The court did not err in deciding the motion solely on the basis of the § 3553(a) factors, nor did it abuse its discretion in concluding that those factors did not support compassionate release in Morgan's case. *See United States v. Keller*, 2 F.4th 1278, 1281, 1284 (9th Cir. 2021) (stating standard of review and explaining that a district court need not decide whether defendant has shown extraordinary and compelling reasons before denying compassionate release on the basis of the § 3553 factors).

**AFFIRMED.**